UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATTHEW ALWARD,

        Petitioner,

v.                                                      Case No. 4:24-cv-13173
                                                          Honorable F. Kay Behm

ERIC ROKOSKY,

        Respondent.
_____/

**OPINION AND ORDER DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPELABILITY**

Petitioner Matthew Alward, confined at the Federal Correctional Institution in Cumberland, Maryland (FCI-Cumberland), filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, challenging his state court conviction for two counts of embezzlement and one count of larceny by conversion. For the reasons stated below, his petition for writ of habeas corpus will be dismissed without prejudice.

I.

Alward is serving a 10-year federal prison sentence after pleading guilty to one count of conspiracy to distribute with intent to distribute fifty grams or more of

methamphetamine. *United States v. Alward*, Case No. 19-cr-261 (W.D. Mich. 2019); (ECF No. 46). While serving his federal sentence, Alward pleaded guilty in two state court criminal prosecutions – one in Wayne County Circuit Court, *People v. Alward*, Case No. 19-006351-01-FH, and another in Washtenaw County Circuit Court, *People v. Alward*, Case No. 19-000750-FH. Alward appealed the Washtenaw County conviction to the Michigan Court of Appeals. On February 5, 2025, the Michigan Court of Appeals denied the delayed application for leave to appeal on the basis the grounds presented lacked merit. *People v. Alward*, Case No. 372410, https://www.courts.michigan.gov/c/courts/coa/case/372410 (last visited April 25, 2025). Alward filed an appeal before the Michigan Supreme Court. The case remains pending before that court.

Alward now petitions for a writ of habeas corpus, claiming that the Washtenaw County Circuit Court failed to properly credit the time he already served in federal custody when imposing a concurrent state sentence. (ECF No. 1, PageID.1-2).[1] Alward also contends that his sentence violates his Eighth

---

[1] The Washtenaw County Circuit Court register of actions indicates that the state circuit judge credited Alward's sentence for 900 days "Time Served" and indicated that the sentence would run concurrently with his "Federal Prison Case." *People v. Alward*, Case No. 19-000750-FH, Register of Actions, https://tcweb.ewashtenaw .org/PublicAccess/CaseDetail.aspx?CaseID=387352 (last visited April 25, 2025). *See Clark v. Stone*, 998 F.3d 287, 297 n.4 (6th Cir. 2021) ("Courts may take judicial notice of the proceedings of other courts of record.").

2

Amendment and due process rights.[2] (*Id.*)

II.

**A. Subject Matter Jurisdiction**

Before addressing Alward's central claim, the Court must first ascertain whether it possesses the jurisdiction necessary to consider the habeas petition. *See Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009) ("federal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue sua sponte."). The jurisdiction to award a habeas writ under section 2254 hinges upon whether the petitioner is "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a); *see also* 28 U.S.C. § 2241(c)(3) ("The writ of habeas corpus shall not extend to a prisoner unless . . . he is in custody in violation of the Constitution or laws or treaties of the United States").

In *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (per curiam), the United States Supreme Court read section 2254 "as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." This element is satisfied when an inmate in federal custody challenges a state conviction whose sentence remains unexpired. *See id*. at 493; *see also Rhodes*

---

[2] Alward recently filed two other habeas petitions challenging the calculation of his time credits. Both petitions have been dismissed on prematurity and exhaustion grounds. *See Alward v. 22nd Cir. Ct.*, Case No. 24-cv-13109, ECF No. 12.; *Alward v. Rokosky*, Case No. 25-cv-10052, ECF No. 5.

3

*v. Streeval*, No. 18-5906, 2019 U.S. App. LEXIS 22314, at *4 (6th Cir. Jul. 25, 2019) (holding that the "district court had jurisdiction to consider" a federal inmate's "challenge to his 1993 conviction because he is subject to an unexpired state sentence and state officials have filed a detainer against him with federal authorities."); *Steverson v. Summers*, 258 F.3d 520, 523 (6th Cir. 2001) (affirming the dismissal of a habeas petition on jurisdictional grounds because, "though currently in federal custody," the petitioner was not "subject to any unexpired state sentences.").

Alward clearly satisfies this standard. He is incarcerated with the Bureau of Prisons. And he is challenging the calculation of an unexpired sentence resulting from a state conviction. Since Alward meets section 2254's "in custody" requirement, the Court has jurisdiction to consider the petition.

### B. Prematurity and Failure to Exhaust State Court Remedies

At this time, Alward's habeas petition is premature because his state conviction and sentence are not yet final. *Farris v. Bergh*, No. 17-12555, 2018 U.S. Dist. LEXIS 47812, at *4-5 (E.D. Mich. Mar. 23, 2018). The conviction and sentence become "final" after "direct review is completed" in the state courts or "the time for seeking it expires." *Eberle v. Warden, Mansfield Corr. Inst.*, 532 F. App'x 605, 609 (6th Cir. 2013). Because Alward's appeal from his conviction and sentence remain pending in the Michigan Supreme Court, the habeas petition must

4

be dismissed as premature. *See Hicks v. Skipper*, No. 19-12206, 2019 U.S. Dist. LEXIS 183744, at *4-5 (E.D. Mich. Oct. 24, 2019).

Additionally, Alward is also not entitled to habeas relief because he has yet to exhaust his available state court remedies. *See* 28 U.S.C. § 2254(b), (c); *see also Picard v. Connor*, 404 U.S. 270, 275-78 (1971). District courts must dismiss habeas petitions containing unexhausted claims. *See Pliler v. Ford*, 542 U.S. 225, 230 (2004); *see also Rose v. Lundy*, 455 U.S. 509, 510, 522 (1982). Habeas petitioners carry the burden of pleading and establishing exhaustion. *See Nali v. Phillips*, 681 F.3d 837, 852 (6th Cir. 2012). Claims like Alward's – i.e., that he did not receive the appropriate amount of state sentence reduction credits – must be fairly presented to the state courts before a federal court will entertain them on habeas review. *See Phillips v. Sundquist*, No. 96-5265, 1997 U.S. App. LEXIS 2112, at *4-5 (6th Cir. Feb. 4, 1997); *Hughes v. Bauman*, No. 10-13255, 2011 U.S. Dist. LEXIS 148235, at *5 (E.D. Mich. Dec. 27, 2011) (holding that the petitioner failed to exhaust his state court remedies prior to challenging the forfeiture of disciplinary credits on habeas review). Because Alward has not exhausted his challenge to the calculation of state sentence reduction credits in the Michigan state courts, section 2254 habeas relief is currently unavailable.

III.

The Court also declines to issue a certificate of appealability. Before Alward may appeal this Court's ruling, "a circuit justice or judge" must issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A habeas petitioner must make a substantial showing of the denial of a constitutional right to receive a certificate of appealability. 28 U.S.C. § 2253(c)(2). An appeal from the district court's order denying habeas relief on procedural grounds may be taken if the petitioner demonstrates that (1) jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and (2) jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court denies a certificate of appealability because jurists of reason would not debate whether the petition should be dismissed on account of (1) its prematurity, or (2) Alward's failure to exhaust his state court remedies. *See McDuffie v. Sloan*, No. 16-3531, 2017 U.S. App. LEXIS 29342, at *1-2 (6th Cir. Jan. 23, 2017). Leave to proceed in forma pauperis on appeal is likewise unwarranted because any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

IV.

Accordingly, **IT IS ORDERED** that the petition for a writ of habeas corpus (ECF No. 1) is dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability.

**IT IS FURTHER ORDERED** that leave to proceed in forma pauperis on appeal is denied.

**IT IS SO ORDERED**.

Dated:  May 7, 2025                                          <u>s/F. Kay Behm</u>
                                                                              F. Kay Behm
                                                                              United States District Judge